UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRYL J. WOJT,

             Plaintiff,                         Case No. 23-cv-12454

v.                                        Paul D. Borman
                                        United States District Judge

DONALD TRUMP, *et al.*

             Defendants.

_____/

## OPINION AND ORDER
## DENYING PLAINTIFF'S APPLICATION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* (ECF NO. 2), AND
## SUMMARILY DISMISSING PLAINTIFF'S COMPLAINT (ECF NO. 1) WITH PREJUDICE

On September 29, 2023, Plaintiff Darryl J. Wojt, proceeding without counsel, filed his Complaint in this matter. (ECF No. 1.) Plaintiff's Complaint names 19 Defendants and, with attachments, totals 95 pages. Plaintiff also filed an Application to Proceed Without Prepaying Fees or Costs. (ECF No. 2.) For the reasons set forth below, the Court will deny Plaintiff's application to proceed *in forma pauperis* and dismiss Plaintiff's Complaint with prejudice.

## I.    Plaintiff's Application to Proceed *In Forma Pauperis* is Denied

A preliminary question is whether Plaintiff may proceed without prepaying the filing fee for his Complaint. Ordinarily, a federal litigant who is too poor to pay

court fees "may commence a civil action without prepaying fees or paying certain expenses." *Coleman v. Tollefson*, 575 U.S. 532, 535 (2015) (citing 28 U.S.C. § 1915). 28 U.S.C. § 1915 provides that a district court may authorize the commencement of a civil action without prepayment of fees provided the applicant submits an affidavit demonstrating that he or she "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). While an individual need not be "absolutely destitute to enjoy the benefits" of proceeding *in forma pauperis* (IFP), *Adkins v. E.I. DuPont de Nemours, Inc.*, 335 U.S. 331, 339 (1948), courts may reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses. *See Sawyer v. Trott*, No. 2:18-cv-13684, 2018 WL 6626544, at *1 (E.D. Mich. Nov. 29. 2018) (citations omitted), *report and recommendation adopted by* 2018 WL 6620909 (E.D. Mich. Dec. 18, 2018).

Proceeding IFP is "a privilege, not a right, and permission to so proceed is committed to the sound discretion of the court." *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986). "In determining IFP eligibility, 'courts will generally look to whether the persons are employed, the person's annual salary, and any other property or assets the person may possess.'" *Cognetto v. Comm'r of Soc. Sec.*, No. 14-10006, 2014 WL 358465, at *1 (E.D. Mich. Jan. 31, 2014) (citation omitted).

In examining Plaintiff's Application, the Court concludes that his claim of hardship is not supported by his Application. Plaintiff reports that his gross pay or

2

wages are $1,300.00 biweekly, and his take home pay is $1,000.00 biweekly (at an annual gross salary of approximately $38,000 for his job with Brass Aluminum and Forging Enterprise). (ECF No. 2, Application, PageID.96.) Plaintiff indicates having $2,000.00 in a checking or savings account and having approximately $1,000.00 per month in expenses. (*Id.*, PageID.97.) His monthly income therefore exceeds his monthly expenses. Plaintiff also does not indicate that he has any dependents, or that he has any other debts or financial obligations. (*Id.*)

Although the Court does not apply the federal poverty guidelines as the sole basis to grant or deny *in forma pauperis* status, the Court notes that the current federal poverty guideline issued by the United States Department of Health & Human Services ("HHS") for a single person living in the 48 contiguous states is $14,580.00 (at 100%) and $29,160.00 (at 200%).[1] *See* https://aspe.hhs.gov/sites/default/files/documents/1c92a9207f3ed5915ca020d58fe7 7696/detailed-guidelines-2023.pdf [**https://perma.cc/Z2T2-6P7L**]. The Court observes that Plaintiff's annual income of approximately $38,000 per year is more than those figures.

Financial ability has been found, and thus IFP applications denied, where the applicant's assets were less than those shown in this application. *See, e.g., Caputo v.*

---

[1] The Poverty Guidelines provide multiple percentages in the Federal Poverty Level chart because there are several programs, such as Medicaid, that use a percentage of the Federal Poverty Level as the income criteria for program participation.

*Comm'r of Soc. Sec.*, No. 19-12424, 2019 WL 5680578, at *1 (E.D. Mich. Sept. 9, 2019) (denying IFP application where although plaintiff was unemployed, he had savings of $15,000 and was part-owner of a home), *report and recommendation adopted by* 2019 WL 13207470 (E.D. Mich. Sept. 27, 2019); *Paco v. Myers,* No. 13–00701 ACKRLP, 2013 WL 6843057, at *2 (D. Hawai'i Dec. 26, 2013) (adopting report recommending denying IFP where the plaintiff had a monthly income of $1,729 despite fact that wife was financially dependent on the plaintiff); *Will v. Chase Home Fin.,* No. 4:13–CV–387–Y, 2013 WL 5967839, at *1 (N.D. Tex. Nov. 8, 2013) (adopting report recommending that IFP application be denied where plaintiff's income was $2,700 per month); *Brown v. Dinwiddle,* 280 F. App'x 713, 715-16 (10th Cir. 2008) (denying IFP application where plaintiff had $850 in his savings account and could thus afford the $455 filing fee for his appeal); *Powell v. Harris,* No. 1:08–CV–344, 2008 WL 4279494, at *3 (N.D.N.Y. Sept. 15, 2008) (denying IFP application where the plaintiff earned $18,200 per year and had $1,500 in his savings account).

Considering the above facts and case law, the Court finds that Plaintiff has not demonstrated that, because of his poverty, he is unable to pay for the costs of his litigation and still provide for himself. *See Adkins*, 335 U.S. at 339. Accordingly, the Court DENIES Plaintiff's Application to proceed without prepayment of fees. (ECF No. 2.)

## II.   Summary Dismissal of Plaintiff's Complaint

Plaintiff is denied leave to proceed in forma pauperis, and thus the Court cannot screen his complaint under 28 U.S.C. § 1915(e). *Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999) ("[W]e hold that § 1915(e)(2) applies only to in forma pauperis proceedings."). However, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citations omitted). "A complaint 'is frivolous when it lacks an arguable basis either in fact or in law;'" a complaint "lacks an arguable or rational basis in fact if it describes 'fantastic or delusional scenarios.'" *Abner v. SBC (Ameritech)*, 86 F. App'x 958, 958 (6th Cir. 2004) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325, 327-28 (1989)).[2] But *sua sponte* dismissal "is appropriate in only the rarest of circumstances where … the complaint is deemed totally implausible." *Apple*, 183 F.3d at 480; *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) ("[A] [federal] court may dismiss a claim as factually frivolous . . . if the facts alleged are 'clearly baseless,' a category

---

[2] While *Abner* and *Neitzke* analyze whether a complaint is frivolous under the context of the screening process for in forma pauperis complaints prescribed in 28 U.S.C. § 1915(e)(2), and these screening procedures do not apply to fee-paid complaints, *Abner* and *Neitzke* provide guidance on how the Sixth Circuit defines "frivolous."

encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.' As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.") (citations omitted). This case falls within those rarest of circumstances.

In considering whether a complaint should be dismissed *sua sponte* for lack of subject matter jurisdiction, the Court is especially mindful that "[p]ro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings," *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999), and "the allegations of [a] pro se complaint, [are held] to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nevertheless, a complaint still is insufficient to frame a plausible cause of action where it is based on nothing more than speculation or imagination. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. Rule Civ. P. 8(a)(2)).

Further, a complaint must contain:

(1) a short and plain statement of the grounds for the court's jurisdiction …

(2) a short and pain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought….

Fed. R. Civ. P. 8(a)(1)-(3). Plaintiff's complaint contains none of these.

After reviewing Plaintiff's Complaint and the numerous and varied attachments thereto, the Court concludes that Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction because the claims are totally implausible, frivolous, or devoid of merit. Plaintiff's Complaint, asserted against 19 Defendants, including Donald Trump, Melania Trump, James Comey, FBI Headquarters, Homeland Security Secret Service, and a host of other municipal and individual defendants, is nearly incomprehensible, but the overall theme appears to be that the Defendants conspired to drug, brainwash, and/or hypnotize Plaintiff and to have him committed for mental incompetence. However, after reviewing the pleadings in their entirety, the Court is unable to identify from the pleadings any possibility of a lawful claim for relief, and the Court is not obligated to entertain a civil action grounded only in the Plaintiff's imagination. *See Dekoven v. Bell*, 140 F. Supp. 2d 748, 763 (E.D. Mich.) (dismissing complaint pursuant to Rule 12(b)(1) because it "is an exercise in delusion and fantasy, and nothing more" and "is entirely baseless, unsubstantial, devoid of merit, [and] frivolous"), *aff'd*, 22 F. App'x 496 (6th Cir. 2001).

Plaintiff pleads that this Court has federal question jurisdiction, and under the "Basis for Jurisdiction," the Complaint states:

MCL 705.410a
Right to Bear Arms
Title 18 U.S.C. Section (241)(242)(792)(794)(798)
RES22222(xxi)Space Treaty

(ECF No. 1, Compl, PageID.3-4.)

First, Mich. Comp. Laws 705.410a is a Michigan statute and an alleged violation of that state statute cannot confer federal question jurisdiction under 28 U.S.C. § 1331, which grants federal courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties *of the United States*." Further Mich. Comp. Laws 705.410a is penal statute containing criminal penalties for conspiring to commit a person to an institution for mental incompetence without just and reasonable grounds therefor, and where a statute contains criminal penalties for violations of its provisions, the Michigan courts have generally held that no private cause of action based on alleged violations will lie. *See Lane v. KinderCare Learning Ctrs., Inc.*, 231 Mich. App. 689, 695-96 (1998); *see also Lowell v. R. Fischer v. W.A. Foote Memorial Hosp.*, 261 Mich. App. 727, 730 (2005).

To the extent Plaintiff alleges violations of 18 U.S.C. §§ 241, 242, 792, 794, and 798, criminal statutes such as this do not provide a private cause of action. *See United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003) (stating that the plaintiff "has no private right of action" under either 18 U.S.C. §§ 241 or 242); *Bradley v. Michigan, Wayne Cnty.*, No. 23-10620, 2023 WL 3509698, at *2 (E.D. Mich. May 17, 2023) (collecting cases finding no private cause of action under

8

various 18 U.S.C. sections); *see also Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) (stating that courts are "quite reluctant to infer a private right of action from a criminal prohibition alone[.]"). "Only the United States Attorney can initiate criminal charges in federal court." *Bradley*, 2023 WL 3509698, at *2 (citing 28 U.S.C. § 547; Fed. R. Crim. P. 7(c)).

Finally, it is entirely unclear how the international Treaty on Principles Governing the Activities of States in the Exploration and Use of Outer Space, including the Moon and Other Celestial Bodies (the "Outer Space Treaty"), adopted by the United Nations in Resolution 2222 (XXI) and which provides the basic framework for international space law, affords Plaintiff any private right of action or could confer federal question jurisdiction in this Court. Additionally, Plaintiff does not allege in what ways the treaty was allegedly violated or abridged by any Defendant's actions. *See Cooper Butt ex rel. Q.T.R. v. Barr*, 954 F.3d 901, 905 (6th Cir. 2020) (plaintiff's alleged violations of international treaties did not create juridically-enforceable causes of action) (citing *Sosa v. Alvarez-Machain*, 542 U.S. 692, 734 (2004)); *Diggs v. Richardson*, 555 F.2d 848, 850 (D.C. Cir. 1976) (holding that the United Nations Resolution provisions did not "by their terms confer rights upon individual citizens; they call upon governments to take certain action," and thus "[i]n the absence of contrary indication in the international legislative history, and in the absence of domestic legislation evincing an intention for judicial

enforcement, we conclude that the provisions of Resolution 301 involved here do not confer on individual citizens rights that are judicially enforceable in American domestic courts").

To the extent Plaintiff purports to bring this case under 42 U.S.C. § 1983, the Court finds that Plaintiff has failed to state a plausible claim for relief. Plaintiff alleges under the "Statement of Claim" section of his Complaint that the defendants "have conspired under the color of law to conspire against rights and force the consum[p]tions of anti psychotics in conjunction with hypnosis," hypnotized him and installed "triggers to be used during the activation process and to manipulate and to make and [sic] example out of," "[d]rugged me with a Mc Donalds Hot Fudge Sundae," and conspired "to have me purchase cigarettes for an under age person just shy of 18." (ECF No. 1, Compl. PageID.5.) Plaintiff's narrative that comprises the "Circumstances Attending the Damages" attachment to his Complaint states that beginning "on and before Jan[uary] 3rd 2017 the first blood moon of the month," the Defendants "have directly and indirectly conspired in a plot to deprive my liberty, implement, duress, diminishing character, as well ambient abuse and hypnosis to install belief values, information, also activities the government conducts, conspire against rights, defraud and deceive the court and drive lawful points and changes to legal procedures via illegal means and self justified motivation behind their actions." (*Id.* PageID.19-21.) Plaintiff continues with largely

10

unintelligible allegations of "being hypnotized and coerce [sic] for the government and their officials to manufacturing the crime and circumstances they were walking me into," "[t]hey're all installed triggers with the direction of government agents and news media officials," "manipulating me to do cocaine," and "using the bible in a conspiracy against right and using it as a method of cohesion." (*Id.*)

Plaintiff's Complaint patently fails to plead plausibly any facts suggesting the existence of a cognizable case or controversy under federal laws or statutes, or any other recognized body of law. After reviewing the record, this Court finds that "[i]t is clear that this Court is not the forum that can provide [the plaintiff] with the type of assistance [he] truly needs," and his "allegations are simply based on some paranoid or delusional fantasy and unsupported imaginings that [the] [d]efendants and various . . . state and federal officials [and other unnamed persons and entities, either real or imaginary] are engaged in an elaborate and massive criminal conspiracy to torture and torment [him]." *Marshall v. Stengel*, No. 10-159, 2010 WL 1930172, at *3 (W.D. Ky. May 12, 2010); *see also Teddy-Lawrence v. Mellos*, No. 11-10980, 2012 WL 3731707, at *1 (E.D. Mich. Aug. 28, 2012), *aff'd*, No. 12-2192 (6th Cir. Feb. 11, 2013) ("[T]he complaint itself [is] an agglomeration of incomprehensible claims littered with extraneous detail and argumentative statements, punctuated with buzzwords and gibberish [and] the pleading violate[s]

all the basic precepts of Federal Rule of Civil Procedure 8 and fail[s] to state an intelligible claim.").

For the foregoing reasons, the Plaintiff's Complaint lacks the legal plausibility necessary to invoke federal subject matter jurisdiction as to any federal claim against any defendant in this case and is **DISMISSED WITH PREJUDICE** pursuant to the Court's authority established in *Apple v. Glenn*.

### III.   Conclusion

For the reasons set forth above, the Court Orders that:

(1)  Plaintiff's Application to Proceed Without Prepaying Fees or Costs (ECF No. 2) is **DENIED**; and

(2)   Plaintiff's Complaint is **DISMISSED WITH PREJUDICE** for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).


IT IS SO ORDERED.

s/Paul D. Borman
Paul D. Borman
United States District Judge

Dated: October 11, 2023

12